RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/13/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ROMAN A. BROWN     DOCKET NO. 11-CV-307; SEC. P

VERSUS     JUDGE DEE D. DRELL

W.A. SHERROD     MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Pro se petitioner Roman A. Brown, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 in February 2011. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary, Pollock, Louisiana. He attacks his 2004 sentence imposed in the United States District Court for the Middle District of Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DENIED AND DISMISSED**.

### Background

According to the factual summary by the Fifth Circuit Court of Appeal:

> Brown pleaded guilty to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). As part of the plea agreement, Brown stipulated that he had been previously convicted of two counts of simple robbery and one count of possession of cocaine. The probation office issued a presentence report ("PSR"), which stated Brown had also been convicted of second degree battery and distribution of cocaine. Due to these additional convictions, the probation officer observed

that Brown was eligible to be sentenced under the ACCA, pursuant to 18 U.S.C. § 924(e) and U.S.S.G. §4B1.4. The officer determined Brown's base offense level under the ACCA to be thirty-four and, after reducing three levels for acceptance of responsibility, recalculated the level to thirty-one. The officer set Brown's criminal history category at VI, and, as a result, the guideline range was between 188 and 235 months. The district court followed the recommendations in the PSR and sentenced Brown to 210 months imprisonment.

See U.S. v. Brown, 437 F.3d 450 (5th Cir. 2006); cert. denied, 547 U.S. 1157 (2006).

Count one of the indictment charged the defendant with possession of a firearm by a convicted felon. The count that was dismissed pursuant to plea agreement was possession of crack cocaine. [Doc. #1, p.4]

Here, Plaintiff argues (1) that he received ineffective assistance of counsel for failing to object "or file the proper motions" which resulted in Petitioner being sentenced to 210 months [Doc. #1, p.2]; (2) that there were irregularities in the indictment and superceding indictment, particularly that the indictment "was not properly returned in open court" and the indictment did not "state all of the essential elements or sentencing factors" [Doc. #1, p.5-6, 8]; (3) the court had no jurisdiction to convict/sentence Petitioner and the government had no standing to file suit against him [Doc. #1, p.7]; (4) he should not have received a career criminal enhancement; and (5) he did not receive a Miranda warning.

*Law and Analysis*

Brown filed the instant petition as a "Motion to Correct Illegal/Unconstitutional/Incorrect Sentence Under Title 28 USC §2241 and/or Rule 60(b)(6)." A writ of habeas corpus pursuant to 28 U.S.C. §2241 and a motion to vacate, set aside, or correct a sentence[1] are distinct mechanisms for seeking post-conviction relief. Pack v. Yusuff, 218 F.3d 448, 451(5th Cir. 2000). A §2241 petition on behalf of a sentenced prisoner like Petitioner is used to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. Id. In contrast, a §2255 motion is the proper means of attacking errors that occurred "at or prior to sentencing." Id. A §2255 motion must be filed in the court that sentenced the defendant. Id. The Fifth Circuit has stated that "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." Id. (quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)). In the instant case, Petitioner has only alleged errors that occurred before or during his sentencing. Accordingly, Petitioner's claims are outside the proper scope of a §2241 motion and must be brought in a §2255 motion in the court of conviction.

28 U.S.C. §2255 does contain a "savings clause" provision, which states that an application for a writ of habeas corpus on

---

[1]Which should be filed under 28 U.S.C. §2255.

3

behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section may be considered *only if it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.* 28 U.S.C. § 2255 (emphasis added). "[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under §2255 rests squarely on the petitioner." Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001), *cert. denied*, 534 U.S. 1001 (2001).

In Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001), the Fifth Circuit set forth the factors that must be satisfied for a petitioner to file a §2241 petition in connection with the §2255 savings clause. First, the petitioner's claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." Id. at 904. Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first §2255 motion." Id. The first prong "requires that a retroactively applicable Supreme Court decision establish that the petitioner is 'actually innocent.'" Jeffers, 253 F.3d at 830 (*quoting* Reyes-Requena, 243 F.3d at 903-04). "'Actual innocence' for the purposes of our savings clause test could only be shown if [petitioner] could prove that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not

4

constitute a crime." Jeffers, 253 F.3d at 831 (holding that petitioner could not rely upon savings clause because retroactive Supreme Court decision had no effect on whether the facts in petitioner's case would support his conviction for a substantive offense)). The Fifth Circuit has found that the failure to timely file a motion under §2255 does not make that remedy ineffective or inadequate within the meaning of the savings clause provision. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Petitioner does not present any allegations indicating that he meets the criteria for the savings clause of 2255. His claims should be brought under section 2255 in the Middle District of Louisiana.

**Therefore, IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus under 2241 be **DENIED and DISMISSED** because the Court lacks jurisdiction to consider these claims.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 10th day of May, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE